IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DISABLED PATRIOTS OF AMERICA, INC., et al., | ) ) ) | CASE NO.: 1:07 CV 3164 |
| Plaintiffs, | ) ) | |
| v. | ) ) | JUDGE DONALD C. NUGENT |
| MIDAMCO, INC., | ) ) | MEMORANDUM OPINION |
| Defendant. | ) ) | AND ORDER |

This matter is before the Court on Defendant, Midamco, Inc.'s ("Midamco") Motion to Dismiss for Lack of Standing. (ECF # 13). Plaintiffs filed a "Response to Motion to Dismiss (D.E. 13) and Motion for Leave to Amend Complaint." (ECF # 15). After careful consideration of the briefs and a review of all relevant authority, Defendant's motion to dismiss is DENIED.

**STANDARD OF REVIEW**

A defendant is entitled to fair notice of the basis for a plaintiff's claims. *See Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1964 (2007). Fair notice is satisfied when a complaint contains at least the operative facts upon which the plaintiff bases his or her claim(s). *Id.* A

plaintiff's obligation to provide fair notice requires more than just labels and conclusions; the plaintiff must offer factual allegations sufficient to raise the possibility of a right to relief above the speculative level. *Id.* at 1965.

## **FACTS AND ANALYSIS**[1]

The Complaint alleges that Bonnie Kramer, and other persons with disabilities (represented by Disabled Patriots of America, Inc., hereinafter "Disabled Patriots") have suffered or will suffer injury because the Defendant Midamco is not in compliance with the requirements of the Americans With Disabilities Act ("ADA"). (Complaint ¶ 3). The Complaint further alleges that Bonnie Kramer is a member of the non-profit corporation, Disabled Patriots of America, Inc., is disabled as defined by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and uses a wheelchair for mobility purposes. Ms. Kramer is a "tester" who personally visits public accommodations and seeks out barriers that she believes violate the ADA. If such barriers are found, Ms. Kramer initiates legal proceedings. (Complaint ¶¶ 2 - 4).

In this case, Ms. Kramer claims that she attempted to access Midamco's facilities, but that she was unable to do so because there were barriers to access, dangerous conditions, and other alleged ADA violations that precluded or limited her access to the facilities and/or to the goods and services offered therein. (Complaint ¶13). The Complaint contains a more detailed list of alleged violations including those relating to parking, entrances, door width, counter heights, protruding objects, and restrooms. (Complaint ¶ 16), but it does not specify when Ms. Kramer

---

[1] In accordance with the applicable standards on a motion to dismiss, the facts in the Complaint have been taken as true for purposes of this opinion.

encountered the alleged violations or where within the facility the alleged violations were found.

The Complaint alleges that Bonnie Kramer visited the facility both in her individual capacity and as a "tester," and that she intends to visit the facility again in the near future in order to use the goods, services, facilities, privileges, advantages and accommodations offered at the facility. (Complaint ¶ 14). Plaintiff Bonnie Kramer has alleged that she suffered an injury, due to the conditions at the Defendant's facilities, and that injunctive relief would address her injuries because she intends to return to the facility in the near future. The Complaint clearly articulates her intent to return in her role as a compliance "tester," and at least strongly implies that her intent to return is not based solely on her role as a tester, but that she would return to use the facilities in her individual capacity. This is sufficient to allege standing at this stage of the litigation, even without deciding whether standing may be obtained if an individual's only contact with a facility is through their role as a compliance "tester."

If through the course of discovery, Ms. Kramer is not able to provide specific facts that would show that she does, in fact, have standing to pursue the alleged claims, a defense motion for summary judgment will merit very serious consideration. However, at this stage of the proceedings, she has alleged sufficient facts to withstand a motion to dismiss on this issue. The Court also finds, however, that based on the pleadings set forth in the Complaint, Disabled Patriots of America, Inc.'s standing to participate in this action will be limited to the claims that are also available to Ms. Kramer. The Complaint does not make any specific allegations that other members of the organization have been subjected to injury at the Midamco facility, that any such members have a specific intent to return to the facility such that any actual injury could be addressed by the injunctive relief sought in this action, or indeed, even that the organization has

other disabled members in Ohio (or elsewhere).  Further, no other members' disabilities have been identified.   This case, therefore, is limited to the redress of alleged ADA violations that directly affect Ms. Kramer due to her specific disability.

## **CONCLUSION**

For the reasons set forth above, the Defendant's Motion to Dismiss for Lack of Standing (ECF #13) is hereby DENIED.  The Plaintiff's motion for leave to file an amended complaint is therefore unnecessary and is also DENIED.  (ECF #15).  IT IS SO ORDERED.

      S/Donald C. Nugent
      Judge Donald C. Nugent
      United States District Judge

Date:   June 4, 2008