IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BONNIE KRAMER, ) | CASE NO.: 1:07 CV 3164 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| MIDAMCO, INC., ) | |
| ) | MEMORANDUM OPINION |
| Defendant. ) | AND ORDER |
| ) | |

This matter is before the Court on the Motions of Counterclaim and Third Party Defendants, Bonnie Kramer, Dave Pedraza, Disabled Patriots of America, Guy Shir, Esq., and Todd Shulby, Esq.'s ("Counterclaim Defendants") Motions to Dismiss the Counterclaim (and Third Party Complaint). (ECF # 116, 119). Midamco, Inc. ("Midamco") filed Oppositions to the Motions (ECF #121, 122), and the Counterclaim Defendants filed Replies to the Oppositions (ECF # 128, 129). After careful consideration of the briefs and a review of all relevant authority, Counterclaim Defendants' motions to dismiss are DENIED.

**STANDARD OF REVIEW**

In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." Jones v. City of Carlisle, Ky., 3 F.3d. 945, 947 (6th Cir. 1993) (quoting Welsh v. Gibbs, 631 F.2d 436, 439 (6th Cir. 1980)). However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. See City of Heath, Ohio v. Ashland Oil, Inc., 834 F.Supp. 971, 975 (S.D. Ohio 1993). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl' Corp. v. Twombly, 550 U.S. 544, 555 (2007)(quoting Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly at 555. In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**FACTS AND ANALYSIS[1]**

The Counterclaim and Third Party Complaint ("Counterclaim") alleges that Disabled Patriots of America ("Disabled Patriots") operates as a sham organization recruiting professional

---

[1] In accordance with the applicable standards on a motion to dismiss, the facts set forth in the Counterclaim have been taken as true for purposes of this opinion.

plaintiffs to generate litigation in the absence of any actual damages.  Midamco claims that the lawsuits arising under this scheme have no legitimate legal purpose, are aimed solely at generating attorney and expert fees, and create damages in the form of unnecessary and unwarranted litigation expenses for the targeted corporate Defendants.   The Counterclaim alleges that the instant litigation was created pursuant to this scheme, through a conspiracy between Disabled Patriots, Todd Shulby, Guy Shir, Dave Pedraza, and Bonnie Kramer.

The alleged facts and circumstances set forth in the Counterclaim, if taken as true, with all reasonable inferences construed in favor of Midamco, are sufficient to state a claim for each of the causes of action alleged in the Counterclaim.  Midamco has set forth allegations, that, if true,  could provide support the elements of each alleged claim.[2]

Mr. Shir and Mr. Shulby argue that they are immune from the fraud claim because a litigation privilege protects individuals from civil liability for any false or malicious statements made in judicial proceedings.  As pointed out by Midamco, however, that privilege has been specifically assigned to protect against civil claims for defamation (extended to include libel and intentional infliction of emotional distress claims), and was originally meant to protect witnesses in criminal cases from the threat of reprisal.  The Ohio Supreme Court has stated that the privilege is limited, and does not create an exemption from all claims; and, it has not extended this privilege to protect individuals from fraud claims.  See, Bigelow v. Brumley (1941), 138 Ohio St. 574, 580; Erie Cty. Farmers' Ins. Co. v. Crecelius (1930), 122 Ohio St. 210, 215.  It is

---

[2] Counterclaim Defendants argue, in part, that the element of reliance required for the fraud claim cannot be supported under the circumstances.  However, the Counterclaim does allege reliance; time will tell if the actual evidence will support a finding in favor of Midamco on this element, but in a motion to dismiss, the weight, credibility, and sufficiency of the evidence are not at issue.

not a barrier to the claims as alleged in this action.

Mr. Shir and Mr. Shulby also argue that they cannot be subject to a conspiracy claim involving Ms. Kramer or Disabled Patriots because an attorney cannot conspire with a client as a matter of law. While there are courts that have determined that an attorney cannot conspire with a client within the bounds of the attorney-client rleationship, "a civil-conspiracy action [may go] forward that is predicated upon acts that extend beyond the attorney-client relationship." Deutsche Bank Nat'l Trust v. Gillium, 151 Ohio Misc. 2d 36, 41, 2009 Ohio 2394 (Ohio C.P. 2009); see also, Doherty v. American Motors Corp., 728 F.2d 334, 340 (6th Cir. 1984); United States v. Kraig, 99 F.3d 1361, 1368 (6th Cir. 1996). A reasonable inference may be made from the allegations in the Complaint, that the alleged conspiracy involved events and circumstances outside the bounds of the attorney-client privilege. Therefore, at this stage of the litigation, the claim for fraud and conspiracy against Mr. Shir and Mr. Shulby may remain.

Further, having reviewed the case law presented by both sides, the Court finds that there is legal support in a variety of jurisdictions for allowing a RICO claim to stand where mail and wire fraud stemming from the act of filing a false lawsuit or providing other legal documents which rely on fabricated evidence are the predicate offenses. As wire and mail fraud are the predicate acts alleged under Midamco's RICO claim, Counterclaim Defendants' argument that this claim must be dismissed as a matter of law because a false lawsuit cannot form the basis for a RICO cause of action will not prevail.

## **CONCLUSION**

For the reasons set forth above, the Counterclaim Defendants' Motions to Dismiss (ECF #116, 119) are hereby DENIED. IT IS SO ORDERED.

                                                  /s/ Donald C. Nugent
                                                  Judge Donald C. Nugent
                                                  United States District Judge

Date:   October 19, 2009